UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Randolph Pentel, Kim Povolny, Michelle Povolny, and Michael Povolny, on behalf of themselves and all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>Michael Shepard, in his individual capacity as an employee of the City of Mendota Heights, et al.,<br><br>  Defendants. | No. 18-cv-1447 (NEB/TNL)<br><br>**REPORT<br>AND RECOMMENDATION** |

---

Sonia Miller-Van Oort, Jonathan A. Strauss, Lorenz F. Fett, Jr., Robin M. Wolpert, Sapientia Law Group, PLLC, 120 South Sixth Street, Suite 100, Minneapolis, MN 55402 and Charles V. Firth, Engelmeier and Umanah, PA, 706 2nd Avenue South, Suite 1100, Minneapolis, MN 55402 (for Plaintiffs); and

Susan M. Tindal, Jon K. Iverson, and Stephanie A. Angolkar, Iverson Reuters Condon, 9321 Ensign Avenue South, Bloomington, MN 55438 (for Defendant Mendota Heights); and

Mark P. Hodkinson and Elizabeth P. Ridley, Heley, Duncan, and Melander, 8500 Normandale Lake Boulevard, Suite 2110, Minneapolis, MN 55437 (for Defendant Michael Shepard).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Plaintiffs' Motion and Petition for an Award of Reasonable Attorneys' Fees and Costs under 18 U.S.C. § 2724. (ECF No. 66). This motion has been referred to the undersigned magistrate judge for a report and recommendation to the Honorable Nancy E. Brasel, United States District Judge for the District of Minnesota, pursuant to 28 U.S.C.

1

§ 636(b)(1) and Local Rule 72.1. (ECF No. 73). Based on all the files, records, and proceedings herein, and for the reasons set forth below, this Court recommends that Plaintiffs' motion be granted in part and denied in part.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 25, 2018, Plaintiffs filed a complaint alleging that Defendant Michael Shepard, a former Mendota Heights police officer, had obtained, disclosed, or used information in violation of the Driver's Privacy Protection Act ("DPPA") and the Minnesota Government Data Practices Act. (ECF No. 1). On March 15, 2019, Defendants served offers of judgment pursuant to Federal Rule of Civil Procedure 68 on Plaintiffs Kim Povolny and Michelle Povolny ("Settling Plaintiffs"). (ECF Nos. 46, 47, 52, and 53). The Settling Plaintiffs accepted the offers of judgement on April 1, 2019. (ECF Nos. 31, 32, 50 and 51). Pursuant to the Offers of Judgment, each Defendant paid each Settling Plaintiff $2,550.00. In addition, Defendants agreed that the Settling Plaintiffs could petition the Court for an award of reasonable costs and attorney's fees.

Plaintiffs now seek attorney's fees in the amount of $60,430.00 and costs in the amount of $264.76. Defendants object to that request. Though they concede that the Settling Plaintiffs prevailed in this matter, Defendants contend that the Court should reduce the attorney's fees award substantially. Defendants do not object to the award of costs.

## II. MOTION FOR FEES AND COSTS

The DPPA permits courts to award "reasonable attorneys' fees and other litigation costs incurred" to any person whose personal information is unlawfully obtained, disclosed, or used from a motor vehicle record. 18 U.S.C. § 2724(b)(3). The starting point

2

for determining reasonable attorney's fees is the "lodestar" method. *Paris Sch. Dist. v. Harter*, 894 F.3d 885, 889 (8th Cir. 2018). "The lodestar is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Id*. (quotation omitted). A court determines whether an hourly rate is reasonable by examining the rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984). In making this assessment, the Court may rely on its own experience and knowledge of prevailing market rates. *See Hannig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). The Court must then exclude from the lodestar those hours that were not reasonably expended, which include "excessive or redundant hours, or instances where overstaffing or poor billing judgment has occurred." *Orduno v. Pietzrak*, No. 14-cv-1393, 2017 WL 4354686, at *13 (D. Minn. Sept. 29, 2017) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)), *aff'd*, No. 17-3437, 2019 WL 3489089 (8th Cir. Aug. 1, 2019). The degree of success is "the most critical factor in determining a reasonable fees award." *Id*. (citations omitted).

### A. Hourly Rate

The Settling Plaintiffs identify the following hourly rates for their counsel: $110 for paralegal Katie Tholkes; $450 for attorneys Jonathan Strauss, Sonia Miller-Van Oort, and Charles Firth; $425 for attorney Robin Wolpert; and $475 for attorney Lorenz Fett.[1] Defendants object, noting that in a similar case in this district, a court approved the following rates: $450 for Fett; $400 for Strauss, Miller-Van Oort, and Wolpert; and $100

---

[1] With the exception of Firth, all attorneys and staff are employed by the Sapientia Law Group, PLLC. Firth is an attorney at Engelmeier & Umanah, PA.

3

for a paralegal. *Id.*; ECF No. 236, p. 8. Defendants argue the Court should impose the same rates that counsel charged in other cases. The Settling Plaintiffs assert that counsel increased their hourly rates to account for their "experience and [their] demonstrated ability to obtain positive results for [their] DPPA clients." (ECF No. 87, p. 2).

The Court acknowledges that counsel for the Settling Plaintiffs have taken a leading role in DPPA litigation and that they have extensive skill, experience, and education. But the Court cannot ignore the fact in all the DPPA cases that counsel have handled in this district (and that the Court has been able to locate), counsel charged a less expensive hourly rate than what they seek here. *See Orduno*, 2017 WL 4354686, at *13; ECF No. 236, p. 8 (approving hourly rate of $400 for Strauss, Miller-Van Oort, and Wolpert; $450 rate for Fett, and $100 rate for paralegal); *Taylor v. City of Amboy*, No. 14-cv-722, 2017 WL 4075163, at *2 (D. Minn. Sept. 14, 2017) (approving same rates for Straus, Miller-Van Oort, Wolpert, and Fett); *Myers v. Aitkin Cnty.*, No. 14-cv-473, 2016 WL 11186989, at *3-*4 (D. Minn. Nov. 30, 2016) (approving same hourly rates), *report and recommendation adopted in part and rejected in part on other grounds by* 2017 WL 1134575 (D. Minn. Mar. 27, 2017); *Rasmusson v. City of Bloomington*, No. 12-cv-632, 2013 WL 3353931, at *2-*3 (D. Minn. July 3, 2013) (awarding attorney's fees between $100.00 and $400.00 in action involving similar issues). Because the "bulk of cases" involving the same issues and the same counsel involve a reduced hourly rate, the Court recommends that the hourly rates for the Settling Plaintiffs' counsel be adjusted to reflect what they charged in similar cases. *Lamberson v. Bank of Am. Corp.*, No. 11-cv-335, 2012 WL 4129807, at *3-*4 (D. Minn. Sept. 19, 2012) (finding that increased rates were not justified in light of prevailing market

4

rates and because counsel had billed at a less expensive rate in previous cases). The Court therefore recommends that the hourly rate for Strauss, Miller-Van Oort, and Wolpert be reduced to $400; the hourly rate for Fett be reduced to $450; and the hourly rate for Tholkes be reduced to $100.

The Court also finds that Firth's rate is reasonable at $400 in light of the rates that are reasonable for Strauss, Miller-Van Oort, and Wolpert, who have exhibited strong skills in this genre of DPPA lawsuits and further in light of Firth's experience and qualifications. The record does not support that Firth's knowledge and abilities exceed those of Strauss, Miller-Van Oort, and or Wolpert in any material manner. The Court therefore recommends that Firth's rate be approved at $400.

In reaching this recommendation, the Court notes that the Settling Plaintiffs submitted two affidavits from Twin Cities attorneys, who asserted that the Settling Plaintiffs' counsel charged reasonable hourly rates. (ECF Nos. 70 and 71). The Court does not find these two declarations persuasive, at least regarding the proposed increases in counsel's fees. The Settling Plaintiffs' counsel have submitted similar declarations in other cases where they sought a reduced hourly rate. *See Taylor*, 2017 WL 4075163, at *2 (referencing declaration from attorney Marshall Tanick). The Court has reviewed the declaration in *Taylor* and notes that it is substantially similar to the declaration that was submitted in this case. These two declarations do not justify counsel's proposed increases in their hourly rates.

### B. Hours Expended

The Settling Plaintiffs calculated their requested fees by excluding any time spent solely on claims brought by the other plaintiffs in this litigation, including all time spent solely on the Settling Plaintiffs' claims and including 50 percent of the time spent on both the Settling Plaintiffs and non-settling Plaintiff claims to this fee petition. Defendants do not take issue with this methodology, but raise several objections to the amount of fees that the Settling Plaintiffs seek. The Court will consider each objection in turn.

First, Defendants claim the fees the Settling Plaintiffs seek are not proportionate to their success in this matter. Defendants note that the Settling Plaintiffs each obtained $2,550 from each Defendant, for an aggregate total monetary judgment of $5,100. They ask the Court to exercise its discretion to reduce the attorney's fees award to reflect the minimal public benefit that this case provided.

While suits like this provide monetary recovery to the respective plaintiffs and non-monetary benefits by deterring official misconduct, the Court must still tailor the attorney's fees awards to reflect the total success of the suit. *See Orduno*, 2017 WL 4354686, at *14. In this case, the Settling Plaintiffs obtained only $2,550 from each Defendant, an amount that is only slightly above the liquidated damages provision of the DPPA for a single unauthorized access. *See* 18 U.S.C. § 2724(b)(1) (permitting liquidated damages that are no less than $2,500). This recovery occurred after the Settling Plaintiffs filed a lawsuit in which they sought more than $100,000 in liquidated, actual, and compensatory damages, as well as punitive damages. Under the circumstances, the Court must conclude that though this lawsuit exposed misconduct by public officials (and in that manner performed an

6

admirable public purpose) and provided the Settling Plaintiffs some monetary recovery, the lawsuit was still only partially successful in light of what the Settling Plaintiffs initially set out to obtain. To reflect the Settling Plaintiffs' partial success, the Court recommends that the attorney fee's award be reduced by 20 percent. *See Orduno*, 2017 WL 5354686, at *13 (applying same reduction where plaintiffs obtained only a portion of the recovery they sought).

Second, Defendants argue that 34.225 hours should be excluded from the fee petition because those hours relate to class action issues, which are still pending in this matter. The Settling Plaintiffs contend that recovery is permitted regardless of whether class issues remain pending.[2] They further argue "the case with regards to these Settling Plaintiffs should be viewed as a whole, 'rather than by piecemeal assessment[.]'" (ECF No. 86, p. 5 (citation omitted)). The Court does not find the Settling Plaintiffs' argument persuasive.

The class action claims in this case are neither successful nor unsuccessful. They have not been decided yet. But given that the most critical factor in evaluating the reasonableness of a fee petition is the degree of success obtained by the moving party, *Orduno*, 2017 WL 4354686, at *13, it would be premature to award attorney's fees for items spent on class-related matters.[3] The Court will therefore recommend that the 34.225

---

[2] In reaching the 34.225-hour total, Defendants reduced by half the total hours spent on class issues to reflect the allocation of time between the Settling Plaintiffs and non-settling Plaintiffs. Because the Settling Plaintiffs do not take issue with the particular time entries that Defendants argue should be excluded (ECF No. 81, p. 10-14), the Court assumes the Settling Plaintiffs concede that those hours are related to class discovery.

[3] The Court finds it odd that the Settling Plaintiffs sought these fees when, in another matter, they excluded time "spent working on class-related issues" because that time was "attributed to and reserved for any class action that [would] continue[] in the future pending appeal outcome." *Orduno*, 2017 WL 4354686 (ECF No. 236, p. 7). It would seem the same logic would apply here.

7

hours spent on class related issues be excluded from this petition. Depending on the outcome of the class-related matters, Plaintiffs may be in position at a later date to resubmit those hours for consideration.

Finally, Defendants argue that this case was overstaffed and overbilled. They ask the Court to account for this by reducing the time Plaintiffs reporting on certain tasks by 40 percent. In general, Defendants' objections relate to four categories of time: preparing the complaint (five timekeepers, 31.8 hours); preparing the Rule 26(f) report (two timekeepers, 8.3 hours); drafting discovery requests (three timekeepers, 12.7 hours); and drafting discovery responses (four timekeepers, 9.45 hours).[4] Defendants also seek to exclude time that relates to "clearly clerical" work, as well as three time entries included in the petition that relate to tasks that counsel performed for the non-settling plaintiffs.

The Settling Plaintiffs contend that they spent an appropriate amount of time and resources on this case, given the need to draft a complaint that would survive a motion-to-dismiss, the fact that Defendants did not cooperate with discovery, and the fact that searching certain databases has become more complicated. They concede, however, that they inadvertently included three time entries in their petition (totaling 1.35 hours) that relate to tasks performed for the other plaintiffs and agree those tasks should be excluded from consideration.

In assessing the Settling Plaintiffs' fee petition, the Court finds persuasive the analysis conducted in *Orduno*. There, the court was presented with a fee petition similar to

---

[4] Again, the hours Defendants reference in their memorandum are reduced by half to account for the allocation of time between the Settling Plaintiffs and the non-settling Plaintiffs.

this, where the plaintiffs used "multiple timekeepers" to complete several tasks in the litigation. *Orduno*, 2017 WL 4354686, at *13. The *Orduno* court concluded that, given the volume of discovery and motion practice, as well as the issues litigated in this case, the hours expended were disproportionately high. *Id*. The *Orduno* court therefore reduced the plaintiffs' requested attorney's fees award by 40 percent. *Id*. at *14.

This case is quite similar to *Orduno*. Like *Orduno*, the Settling Plaintiffs used multiple attorneys from multiple different firms. *See id*. at *13 (noting eight attorneys from two law firms). They also spent an excessive amount of time on their complaint – taking more than 30 hours to draft a document that was quite similar to other complaints they filed alleging violations of the DPPA. *See id*. at *13 n. 8. And like *Orduno*, this case was not factually complex. The claims regarding the Settling Plaintiffs relate to a single allegation: that Shepard unlawfully accessed their private data. (ECF No. 1, ¶ 132). Thus, if anything, the issues raised here were much less complex than those raised in *Orduno*, a case that the Court characterized as "not particularly novel or difficult," though it required the parties to litigate the proper statute of limitations, the imposition of vicarious and direct liability, and the method for counting close-in-time accesses. 2017 WL 4354686, at *13. Under the circumstances, the amount of time and resources spent on this matter was excessive. Accordingly, for similar reasons as utilized by the *Orduno* court, this Court must recommend that the attorney's fees award be reduced to reflect the excessive hours spent on the matter. A 40 percent reduction of the time spent on the tasks identified by Defendants is appropriate here.

The Court will not, however, recommend that the exclusion of time spent on tasks that Defendants characterize as clerical and secretarial work. The Court has reviewed those entries and believes the work described in them was appropriately assigned to a paralegal. The Court, will, however, reduce the time spent on those tasks by 40 percent for the same reasons as discussed above.

The Court therefore calculates its final fee recommendation as follows. Plaintiffs seek attorney's fees for a total of 155.95 hours of work. First, the Court will exclude all entries related to class discovery (34.225 hours) and related solely to the non-settling plaintiffs (1.35 hours). Second, the Court will reduce by 40 percent the time each attorney or paralegal for the Settling Plaintiffs spent on the following tasks: preparing the complaint; preparing the Rule 26(f) report; drafting discovery requests; drafting discovery responses; and time spent on tasks that Defendants characterized as clerical. Third, the Court will adjust the hourly rates for each attorney and paralegal as set forth above. Applying each of these adjustments results in an attorneys' fees award of $31,520.50. The Court will then reduce that amount by 20 percent, to reflect the Settling Plaintiffs' partial success in this this matter. This results in a fees award of $25,216.40. When combined with the requested $264.76 in costs, this results in a total award of $25,481.16.

### III.     RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that: Plaintiffs' Motion and Petition for an Award of Reasonable Attorneys' Fees and Costs under 18 U.S.C. § 2724 (ECF No. 66) is

**GRANTED IN PART AND DENIED IN PART** and that Plaintiffs be awarded attorneys' fees and costs totaling $25,481.16.

Date: September 12, 2019                    *s/ Tony N. Leung*
                                            Tony N. Leung
                                            United States Magistrate Judge
                                            District of Minnesota

                                            *Pentel, et al. v. Shepard et al.*
                                            Case No. 18-cv-1447 (NEB/TNL)

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).