UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RANDOLPH PENTEL, KIM POVOLNY, MICHELLE POVOLNY, MICHAEL POVOLNY, | Case No. 18-CV-1447 (NEB/TNL) |
| Plaintiffs, | ORDER |
| v. | |
| MICHAEL SHEPARD AND CITY OF MENDOTA HEIGHTS, | |
| Defendants. | |

Plaintiffs sued Michael Shepard and the City of Mendota Heights under the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721 *et seq.*, and the Minnesota Government Data Practices Act ("MGDPA"), Minn. Stat. § 13.01 *et seq.*, claiming that Shepard, a police officer, wrongfully accessed their driver's license information. Plaintiffs served the Minnesota Department of Public Safety ("DPS") with a subpoena for records, and moved to compel DPS and the City to search a DPS database and produce responsive documents, seeking information about searches by Shepard of people other than plaintiffs who may be potential class members. United States Magistrate Judge Tony N. Leung[1] denied the motion to compel [ECF No. 90 (the "Order")], and Plaintiffs objected.

---

[1] Plaintiffs inaccurately refer to Magistrate Judge Leung as "Magistrate Leung" or "the Magistrate." *See, e.g.*, ECF No. 92 at 2, 4, 6. The Court takes this opportunity to remind counsel that under the Judicial Improvements Act of 1990, Pub. L. No. 101-650, 104 Stat.

[ECF No. 92.] The order also determined that each party should bear its own attorney fees and costs. (Order at 16.) Plaintiffs object. [ECF No. 92.] For the reasons set forth below, the Court overrules Plaintiffs' objections to Judge Leung's order.

**BACKGROUND**

Plaintiffs[2] brought this putative class action against Defendants Michael Shepard and the City of Mendota Heights for alleged violations of the DPPA and the MGDPA. During discovery in the lawsuit, Plaintiffs subpoenaed non-party DPS for records showing Shepard's searches of the Law Enforcement Message Switch ("LEMS") database. [*See* ECF No. 64, Ex. 1 ("2019 Subpoena").] Among other things, Plaintiffs sought LEMS audit returns for any individual Shepard may have searched by name or license plate number from May 25, 2014 to November 3, 2017. (*See id.*) At the time Plaintiffs served the 2019 Subpoena, the City had agreed to assist Plaintiffs with determining which of the LEMS accesses could be attributed to Shepard. [*See* ECF No. 37-8.]

But DPS did not have any such agreement, and it timely objected to the subpoena on the grounds that compliance would be unduly burdensome. [*See* ECF No. 59-3.] Then, once the City learned of the estimated volume of LEMS audit data that it would be required to sort through to determine Shepard's use of LEMS, it withdrew its offer of

---

5089 (1990), a magistrate judge's proper title is that of United States Magistrate Judge, rather than simply "magistrate." *See* Ruth Dapper, *A Judge by Any Other Name? Mistitling of the United States Magistrate Judge*, 9 FED. CTS. L. REV. (Fall 2015).
[2] Kim and Michelle Povolny have settled their claims. [*See, e.g.*, ECF Nos. 46–55.]

2

assistance. [*See* ECF No. 37-11.] Plaintiffs filed a motion, asking this Court to order DPS to produce to the City LEMS accesses by City personnel, to order the City to determine which of those accesses were made by Shepard, to order the City to identify for Plaintiffs the persons whose records Shepard had accessed, and finally to order the City to "inform the victims that they were accessed by Shepard without a permissible purpose and that a lawsuit has been commenced to enforce their rights." [ECF Nos. 33, 35 at 14–16.]

Judge Leung denied all of the requested relief and determined that each party should bear its own attorney fees and expenses. Plaintiffs timely objected. [*See* ECF No. 92.]

## DISCUSSION

### I. Standard of Review

"The standard of review applicable to an appeal of a magistrate judge's order on nondispositive matters is 'extremely deferential.'" *Bubble Pony, Inc. v. Facepunch Studios Ltd*, No. 15-CV-601 (DSD/FLN), 2016 WL 7130910, at *1 (D. Minn. Dec. 7, 2016) (quoting *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999)). A magistrate judge's ruling on nondispositive pretrial matters may be reversed only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see* Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a)(3). An order is "clearly erroneous 'when, after reviewing the entire record, a court is left with the definite and firm conviction that a mistake has been committed.'" *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting

*Thorne v. Wyeth*, No. 06-CV-3123, 2007 WL 1455989, at * 1 (D.Minn. May 15, 2007)). It is "'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Id.* (quoting *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

**II.    Analysis**

A party may move to compel a response from a non-party who fails to comply with a document subpoena. *See* Fed. R. Civ. P. 45(d)(2)(B)(i). The party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and "[t]he court for the district where compliance is required must enforce this duty." Fed. R. Civ. P. 45(d)(1). But courts will not enforce subpoenas "where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Deluxe Fin. Servs., LLC v. Shaw*, No. 16-CV-3065 (JRT/HB), 2017 WL 7369890, at *4 (D. Minn. Feb. 13, 2017) (quoting *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999)).

A party may also move to compel a response from a party who fails to answer an interrogatory served under Rule 33 or fails to produce a document requested under Rule 34. *See* Fed. R. Civ. P. 37(a)(3)(B). Once the party requesting discovery establishes relevance, the party resisting discovery "must show specifically how the discovery is not relevant or is overly broad, burdensome, or oppressive." *Regents of the Univ. of Minn. v.*

*AT&T Mobility LLC*, No. 14-CV-4666 (JRT/TNL), 2016 WL 7972908, at *3 (D. Minn. Dec. 13, 2016).

Plaintiffs seek to do both—that is, to compel non-party DPS to produce LEMS audit records, and to compel the City, a defendant, to assist the Plaintiffs with sorting through those records. They contend that they cannot identify potential class members without assistance from DPS and the City. Judge Leung's order denied both requests. On appeal to this Court, the Plaintiffs now argue that the Order (1) is clearly erroneous because the burden to non-party DPS does not outweigh the probative value of the information sought; (2) is clearly erroneous because it did not address the City's obligations and because the burden to the City does not outweigh the probative value of the information sought; (3) is contrary to law because Plaintiffs could solicit participation in their suit with a court order; (4) is contrary to law because a motion to compel discovery is a proper vehicle for ordering the City to send breach-notification letters; and (5) is clearly erroneous in its determination on attorney fees. This Court finds none of these arguments persuasive, and sees no clear error in Judge Leung's conclusions.

A.   *LEMS Database: Subpoena to DPS*

Plaintiffs seek to compel non-party DPS's compliance with the 2019 Subpoena.[3] "[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special

---

[3] Although in their objections Plaintiffs cite to a subpoena they served on DPS in 2018, *see* ECF No. 92 at 8, it appears that Plaintiffs meant to refer to the 2019 Subpoena. Unlike the 2019 Subpoena, the subpoena Plaintiffs cite makes no reference to the LEMS database.

5

weight in evaluating the balance of competing needs." *Miscellaneous Docket Matter No. 1*, 197 F.3d at 927 (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)). Plaintiffs contend that Judge Leung clearly erred in his proportionality analysis as to DPS because the likely benefit of the requested discovery outweighs the burden on DPS. The Court disagrees. Judge Leung carefully considered the evidence in the record and determined that "there are questions of technical feasibility related to assembly and production as well as the substantial amount of time needed not only to amass the information but then physically to review and redact hundreds of thousands of pages of audit returns for more than three years." (Order at 11.) DPS adduced evidence of approximately 306,600 pages of audit returns that would be responsive to the 2019 Subpoena, and it "does not have any good way of assembling 306,600 pages of materials, even electronically." [ECF No. 65 ¶ 10.] And there is the additional problem of the sensitive data contained in the audit returns. DPS estimated that "it would take hundreds, if not thousands, of hours to redact . . . restricted criminal data from these returns." [*Id.* ¶ 9.]

Judge Leung then weighed that burden on DPS against the usefulness of the information sought. The Order correctly concluded that even if it were to grant Plaintiffs' motion, Plaintiffs "would merely know that Shepard accessed an individual's information in the LEMS database at a particular point." (Order at 12.) So even if they received the information that they requested, in order to certify their putative class,

Plaintiffs would still have the difficult task of differentiating wrongful accesses from lawful accesses to satisfy the numerosity requirements of Rule23.. (*See id.* at 12.) The Order determined that the heavy burden of compliance outweighed the limited value of raw access information that provides no insight into the reasons the accesses were made. (*See id.* at 12–13.) The Court concludes that there is no clear error in Judge Leung's conclusion that ordering non-party DPS to comply with the 2019 Subpoena would be overly burdensome when weighed against the relative value of the information sought. Accordingly, the Order as to DPS is affirmed.

B.  *LEMS Database: City of Mendota Heights.*

Plaintiffs complain that Judge Leung "ignore[d] the scope of [their] motion" and that he "only addressed Plaintiff's [sic] motion to DPS." [ECF No. 92 at 9.] In their memorandum filed in support of the motion, the Plaintiffs asked Judge Leung to order the City to provide information responsive to an interrogatory and two requests for production of documents. [*See* ECF No. 35 at 6–7.] But, as Judge Leung noted, the Plaintiffs "failed to explain how the City's answers or responses . . . were deficient." (Order at 9 n.8.) Indeed, this Court's review of the record reveals that the Plaintiffs failed to attach or even describe the City's responses to those discovery requests beyond their cursory argument that the City "did not adequately respond." [ECF No. 35 at 7.] As the Order correctly determined, (Order at 9 n.8), the Plaintiffs' failure to provide "the text . . . of any interrogatory, request, question, or notice in dispute, together with each answer,

7

response, or objection to any such interrogatory, request, question, or notice" violates the local rules. D. Minn. L.R. 37.1(c). "The Magistrate Judge [has] discretion to not address discovery requests that were not briefed in accordance with the local rules." *In re Sobolik v. Briggs & Stratton Corp.*, No. 09-CV-1785 (JRT/RLE), 2010 WL 11640190, at *4 (D. Minn. July 26, 2010). Therefore, the Order had no obligation to address any alleged deficiencies in the City's discovery responses.

In any event, Plaintiffs are mistaken in their belief that the Order did not address their motion as to the City. The Order considered Plaintiffs' request for an order instructing the City to assist with sorting through the LEMS audit returns data but determined that doing so would place a burden on the City that is disproportionate to the needs of this case. (*See* Order at 11–14.) Plaintiffs now argue that without the City's help they cannot identify potential class members and thereby satisfy the numerosity requirements of Rule 23. They claim that the Order's conclusion that ordering the City to analyze more than three years' of LEMS audit returns data would be disproportionate to the needs of the case is clearly erroneous.

This Court is satisfied that Judge Leung considered the relevant proportionality factors in a "common sense[] and practical manner." *Onwuka v. Fed. Express Corp.*, 178 F.R.D. 508, 516 (D. Minn. 1997). It is undisputed that use of the LEMS database is not tied to the identity of any particular user, and that verifying whether an access can be attributed to a particular user is a multi-step process. The Order carefully considered

evidence adduced by the City that determining which of the approximately 86,000 requested accesses could be attributed to Shepard would require an extraordinary amount of time and effort. (*See* Order at 4, 8, 11.) The Order thoroughly analyzed whether compelling the City to "perform a costly, time-consuming multistep process to determine whether the access was in fact made by Shepard" "for each of the thousands of accesses predicted" would be proportional to the needs of the case. (*Id.* at 11.)

The Order then weighed the burden imposed on the City against the limited probative value of the information sought. (*See id.* at 11–14.) The Court finds no clear error in the magistrate judge's determination that requiring the City to go through the multi-step process of identifying which of approximately 86,000 accesses may be attributed to Shephard imposes an undue burden and expense on the City that outweighs the limited value of the information that would result. Accordingly, the Plaintiffs' objections as to the portion of the Order addressing the City are overruled.

C. *Discussion of Maracich v. Spears, 520 U.S. 48 (2013).*

In the Order, Judge Leung dismisses Plaintiffs' concern that "[w]ithout the identities of these individuals, the federal rights of the class members would be lost." (Order at 13.) The Order states that "Plaintiffs cannot use personal information from state motor vehicle records to solicit participation in this lawsuit," citing *Maracich v. Spears*, 570 U.S. 48, 59–73 (2013). (Order at 13.) Plaintiffs argue that the Order misunderstands *Maracich*, rendering the Order contrary to law. [*See* ECF No. 92 at 17–20.] Plaintiffs may

9

be right that *Maracich* is distinguishable from this case, but that does not make the analysis of undue burden clearly erroneous. Even if Plaintiffs' ability to contact putative class members is relevant to an assessment of the likely benefit of the requested discovery, the Court finds that the "massive burden to non-party DPS and the City, the speculative probative value of the data in resolving the issues in this litigation, and the increased delay and expense that would result" still make denial of the motion to compel the correct conclusion. (Order at 14.) Thus, the Court need not express an opinion on whether *Maracich* bars Plaintiffs from soliciting participation from others. Further, Judge Leung noted several of the ways the rights of class members are protected, including individual requests for audits. (*Id.* at 13.) Accordingly, there is no reversible error due to the Order's discussion of *Maracich* and the Plaintiffs' objection to the Order on this basis is overruled.

D. *Notification under Minn. Stat. § 13.055, Subd. 2(a).*

Plaintiffs sought an order instructing the City to notify twelve individuals who were the subjects of certain accesses by Shepard. (*See* Order at 14–15.) They request the same relief in their Complaint, asking this Court to instruct the City to comply with the MDGPA's notice provisions. [*See* ECF No. 1 at 39.] Indeed, in Count II of their Complaint, the Plaintiffs claim that the City violated those notice provisions when it failed to notify the individuals Shepard accessed. [*See* ECF No. 1 ¶¶ 204–49.] As the Order correctly determined, Plaintiffs are attempting to seek a dispositive ruling on Count II under the guise of a Rule 37 motion to compel. And yet, even in their objections, Plaintiffs can point

10

to no authority that permits a United States Magistrate Judge to issue such a dispositive ruling on a Rule 37 motion to compel. Accordingly, the Order's conclusion that it lacked the authority to order the City to notify twelve individuals that their information was accessed by Shepard is not contrary to law.

E.     *Attorney Fees.*

The Plaintiffs argue that the portions of the Order that instruct that "each party should bear their own attorney fees and expenses" related to its motion to compel "prematurely decided the question [of] whether certain fees were reasonably expended in the absence of a final resolution." [ECF No. 92 at 23.] Indeed, 18 U.S.C. § 2724(b)(3) expressly provides that reasonable attorney fees and costs are a form of damages that may be awarded against persons who violate the DPPA. 18 U.S.C. § 2724(b)(3); *see also Krekelberg v. City of Minneapolis*, No. 13-CV-3562 (DWF/TNL), 2018 WL 3621031, at *15 (D. Minn. July 30, 2018). At least one court has determined that apportioning attorney fees and costs before the final resolution of a DPPA case is improper because it precludes plaintiffs from seeking damages that are explicitly authorized by the DPPA. *See id.*

But the Order did not apportion fees and costs under the federal statute—instead, it determined, as it must, that fees were not warranted under Rule 37. Fed. R. Civ. P. 37(a)(5)(B). This Court will not disturb the magistrate judge's finding under Rule 37. Later in the lawsuit, if appropriate under 18 U.S.C. § 2724(b)(3), nothing precludes Plaintiffs from seeking an attorney fee award under that statute, including for this discovery

11

dispute. Finally, because DPS is not a party and therefore cannot be held liable under 18 U.S.C. § 2724, the Court affirms the Order's decision not to award fees and costs against DPS.

## CONCLUSION

Based upon all the files, records, and proceedings in the above-captioned matter,

IT IS HEREBY ORDERED THAT:

1. The Plaintiffs' objections to the Order [ECF No. 90] are DENIED.

Dated: November 13, 2019　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　　　s/Nancy E. Brasel
　　　　　　　　　　　　　　　　　　　　　　Nancy E. Brasel
　　　　　　　　　　　　　　　　　　　　　　United States District Judge